TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00233-CR







Cleavon Laron Young, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 63222, HONORABLE WILLIAM BACHUS JR., JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Cleavon Laron Young pleaded guilty to evading arrest using a motor
vehicle. See Tex. Penal Code Ann. § 38.04 (West Supp. 2009). Consistent with a plea bargain
agreement, the court assessed punishment at one year in state jail. In a single point of error,
appellant contends that the trial court erred by overruling his pretrial motion to suppress evidence. (1) 
We overrule this contention and affirm the conviction.

On the afternoon of May 31, 2008, Killeen police officers Michael Truelove and
Roy Clayton were traveling west on Greenwood Street in an unmarked police vehicle. Truelove,
who was the passenger, testified that he saw a gold Mazda turn right off Greenwood onto Hall
Avenue without signaling. During his cross-examination, Truelove amended his testimony, saying
that the Mazda signaled the turn, but the signal was given less than one hundred feet from the
intersection. See Tex. Transp. Code Ann. § 545.104(a) (West 1999) (requiring operator of vehicle
to signal intention to turn); id. § 545.104(b) (requiring operator of vehicle to "signal continuously
for not less than the last 100 feet" before turning left or right). Clayton testified that he saw the
Mazda turn from Greenwood onto Hall and from Hall onto 22nd Street, and that the latter turn was
made without a signal. Both officers agreed that the Mazda stopped in an apartment parking lot after
turning, and that Clayton stopped the unmarked vehicle behind it.

Truelove got out of the police vehicle and approached the driver's side of the Mazda
on foot. Truelove was in full police uniform, including badge and firearm. Truelove testified that
appellant, who was the driver and sole occupant of the Mazda, told him, "I'm trying to park." 
Truelove said that appellant was "acting real nervous and he was kind of going for the gear shift and
everything," so the officer attempted to open the driver's side door. Appellant "threw it in reverse
and backed out of the parking lot, and then drove northbound up Hall." Clayton and Truelove
pursued appellant and ultimately succeeded in stopping and arresting him.

Appellant contends, as he did below, that the initial traffic stop or detention violated
the Fourth Amendment because the officers did not have probable cause or reasonable suspicion to
believe that he had violated any law. Citing the inconsistencies in the officers' testimony, appellant
asserts that "it cannot be said that the [State] has provided clear evidence of a valid reason for the
detention, nor that there was a detention at all prior to the flight of the Appellant."

The Fourth Amendment prohibits unreasonable searches and seizures. The
uncontradicted evidence is that appellant stopped on his own accord--to park, as he told
Truelove--and although Truelove thereafter attempted to detain appellant, the attempt was arguably
unsuccessful. If, as he argues, appellant was not detained before he fled, there was no seizure and
hence no Fourth Amendment violation. Under that reading of the record, whether the officers were
legally justified in attempting to detain appellant would speak only to whether his flight violated
penal code section 38.04, a question that was mooted when appellant judicially confessed and is
not before us.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. 
State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). This means that the ruling will be
upheld if it is reasonably supported by the record and is correct under any applicable legal theory. 
Id. The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight
to be given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the trial court almost complete
deference in determining historical facts, but we review de novo the trial court's application of the
law to those facts. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

The trial court filed written findings and conclusions. The court found that both
Truelove and Clayton testified that appellant failed to properly signal his turn. Obviously believing
the officers' testimony to that extent, the court concluded that they had observed a traffic violation
and had reasonable grounds to conduct a traffic stop. Despite the inconsistencies in the officers'
testimony, the trial court did not abuse its discretion by finding that appellant did not signal his
intention to turn in the manner required by the transportation code. Deferring to this finding, we
hold that the trial court did not err in concluding that the officers had probable cause or reasonable
suspicion to detain appellant for the observed traffic violation.

For the reasons stated, we overrule the point of error and affirm the judgment
of conviction.



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: March 2, 2010

Do Not Publish

 
1. Appellant pleaded guilty before the Honorable William Bachus Jr. The Honorable Joe Carroll
heard and overruled the motion to suppress.